# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIANNE THIRY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE<br>INSURANCE COMPANY and<br>MERIDIAN BEHAVIORAL HEALTH,<br>LLC LONG-TERM DISABILITY PLAN,<br><br>Defendants. | Civil No. 15-3544 (JRT/KMM)<br><br>**MEMORANDUM<br>OPINION AND ORDER<br>ADOPTING THE REPORT AND<br>RECOMMENDATION OF THE<br>MAGISTRATE JUDGE** |

Matthew B. Newman, **MATTHEW B. NEWMAN, P.A.**, 532 Hackmore Drive, Eagan, MN 55123, for plaintiff.

Mark Scholle, **SCHOLLE LAW FIRM, LTD.**, 8742 Leeward Circle, Eden Prairie, MN 55344, and Todd Brenner, **BRENNER HUBBLE**, 555 Metro Place North, Suite 225, Dublin, OH 43017, for defendants.

Plaintiff Marianne Thiry filed the present action claiming Defendants United of Omaha Life Insurance Company ("United") and Meridian Behavioral Health, LLC Long-Term Disability Plan (the "Plan") improperly denied Thiry long-term disability benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The parties filed cross-motions for summary judgment and U.S. Magistrate Judge Katherine Menendez issued a report and recommendation ("R&R"), advising the Court to grant Defendants' motion for summary judgment and deny Thiry's motion for summary judgment. Thiry timely objected. The Court will overrule Thiry's objections and adopt the R&R.

# BACKGROUND

Meridian Behavioral Health, LLC employed Thiry as a Director of Operational Development from October 2008 through November 2014. (Admin. R. at 50, 152,[1] Apr. 28, 2017, Docket No. 42.) During her employment, Thiry participated in the Plan and was covered under a Group Insurance Policy (the "LTD Policy") that entitled Thiry to benefits if she became disabled. (*Id.* at 2967.) The LTD Policy defined "Disability and Disabled" as:

> because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
>
> (a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>
> (b) after the Elimination Period, You are:
>
>> 1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>>
>> 2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.
>
> After a Monthly Benefit has been paid for 2 years, *Disability* and *Disabled* mean You are unable to perform all of the Material Duties of any Gainful Occupation.
>
> Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.

---

[1] The Court will cite to the Administrative Record using the numerical portion of the Bates pagination, omitting unnecessary zeros.

(*Id.* at 2992.) The Plan granted United discretionary authority to administer claims and vested United with "discretion and the final authority to construe and interpret the Policy," including "the authority to decide all questions of eligibility." (*Id.* at 2988.)

Thiry stopped working on August 5, 2014 and, because of mental-health issues, applied for short-term disability benefits. (*Id.* at 512-13, 1505.) United eventually granted Thiry short-term disability benefits. (*See* Joint Stipulation for Approval of Pl. to File Second Am. Compl. at 1-3, May, 12, 2016, Docket No. 14.)

In November 2014, Thiry completed an application for long-term disability benefits. (Admin. R. at 152-65.) Thiry's application related to both mental-health and physical-impairment conditions. (*See id.* at 2524-53) On March 12, 2015, Thiry's counsel sent United a letter concerning the claim for long-term disability benefits. (*Id.* at 2524-53.) In relevant part, Thiry stated that she was entitled to long-term disability benefits based on the disabling effects of pain and fatigue related to fibromyalgia and related physical conditions. (*See id.*)

On June 10, 2015, United denied Thiry's application for long-term disability benefits. (*Id.* at 1502-12.) Following an appeal, United partially reversed its decision and granted Thiry's claim for long-term disability benefits relating to Thiry's mental-health conditions. (*Id.* at 1257-60.) But the LTD Policy limited mental-health benefits to a period of twenty-four months. (*Id.*)

United did not change its decision with regard to Thiry's claim for long-term disability benefits stemming from her physical impairments. (*Id.*) United, instead, referenced the information it used to come to its decision and informed Thiry that its

"review ha[d] not found physical restrictions or limitations, due to fibromyalgia or any other conditions, which would preclude [] Thiry from performing the Material Duties of her Regular Occupation." (*Id.* at 1259.) United reasoned that, while Thiry indisputably has fibromyalgia, her condition is not disabling. (*See id.* at 1259-60.)

Thiry filed the Second Amended Complaint on June 3, 2016, alleging Defendants violated ERISA, 29 U.S.C. § 1132(a)(1)(B), for failure to pay Thiry long-term disability benefits under the LTD Policy. (Second Am. Compl. ¶¶ 17-18, June 3, 2016, Docket No. 18.) The parties filed cross-motions for summary judgment on January 20, 2017, which the Court referred to the Magistrate Judge. On May 30, 2017, the Magistrate Judge issued an R&R recommending the Court grant Defendants' motion for summary judgment and deny Thiry's motion for summary judgment. (R&R at 2, 13, May 30, 2017, Docket No. 43.) Thiry timely objected to the R&R.

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR

72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Here, Thiry objects to the Magistrate Judge recommending the Court grant Defendants' motion for summary judgment.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party can demonstrate it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit, and a dispute is genuine if the evidence could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a summary judgment motion must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue [of material fact] for trial." *Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F.3d 1110, 1113 (8th Cir. 2009) (citing *Anderson*, 477 U.S. at 247-49).

## II. ERISA

The Court generally reviews the denial of ERISA benefits de novo. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). But if "the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan," abuse of discretion is the proper standard of review. *Johnson v. United of Omaha Life Ins. Co.*, 775 F.3d 983, 986-87 (8th Cir. 2014) (quoting *Bruch*, 489 U.S. at 115). Here, the Magistrate Judge found, and Thiry does not contest, that "[t]he LTD Policy gave United discretion to interpret eligibility for [long-term disability] benefits." (R&R at 4 (citing Admin R. at 2988).)

Applying the abuse-of-discretion standard, the Court "will uphold [United's] decision to deny benefits if it is reasonable." *Johnson*, 775 F.3d at 989 (alteration in original) (quoting *Maune v. Int'l Bhd. of Elec. Workers, Local No. 1 Health & Welfare Fund*, 83 F.3d 959, 963 (8th Cir. 1996)). The Court "measure[s] reasonableness by whether substantial evidence exists to support the decision, meaning more than a scintilla but less than a preponderance." *Id.* (quoting *Wakkinen v. UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 583 (8th Cir. 2008)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGee v. Reliance Standard Life Ins. Co.*, 360 F.3d 921, 924 (8th Cir. 2004) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "If substantial evidence supports the decision, it should not be disturbed even if a different, reasonable interpretation could have been made." *Id.*

**III. OBJECTIONS TO R&R**

Thiry raises five objections to the R&R: (1) the Magistrate Judge failed to apply Eighth Circuit precedent when recommending United did not abuse its discretion, (Pl.'s Objs. to R&R ("Pl.'s Objs.") at 2-3, June 12, 2017, Docket No. 45); (2) the Magistrate Judge misapplied *Corker v. Metropolitan Life Insurance Co.*, 281 F.3d 793, 799 (8th Cir. 2002), (Pl.'s Objs. at 6); (3) the Magistrate Judge improperly relied on the absence of "objective" tests, (*id.* at 10); (4) the Magistrate Judge incorrectly asserted that Thiry argued her doctors were entitled to special weight, (*id.* at 15); and (5) the Magistrate Judge misapplied *Pralutsky v. Metropolitan Life Insurance Co.*, 435 F.3d 833 (8th Cir. 2006), (Pl.'s Objs. at 15). The Court addresses Thiry's objections below.

**A.    Abuse of Discretion**

Citing a series of Eighth Circuit cases, Thiry first argues the Magistrate Judge erroneously applied the abuse-of-discretion standard when denying Thiry long-term disability benefits. (*Id.* at 2-3.) According to Thiry, United's decision is entitled to less deference because United "cherry-picked, failed to analyze, or ignored key evidence" in determining Thiry's eligibility for long-term disability benefits. (*Id.* at 3.)

The Court does not disagree that United would be entitled to less deferential review if "a serious procedural irregularity existed which caused a serious breach of the administrator's duty to the plan beneficiary," including failure to "obtain all . . . hospital records" or "provide . . . detailed reasons regarding the denial of . . . benefits." *Wald v. Sw. Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1007 (8th Cir. 1996). But the

Magistrate Judge applied the Eighth Circuit's caselaw regarding procedural irregularity. (R&R at 5-6 (acknowledging that serious procedural irregularities require "a less deferential standard of review").) And, contrary to Thiry's assertions, the record shows United considered the evidence Thiry submitted when it determined Thiry did not qualify for long-term disability benefits under the LTD Policy. *See Waldoch v. Medtronic, Inc.*, 953 F. Supp. 2d 979, 1006 (D. Minn. 2013) ("The record reveals that [the plan administrator] did consider all of the evidence submitted, even if not every item was specifically mentioned in the notification letter."); (*see also* Admin. R. at 1260-61, 1326-37, 1502-12).

The Court will, therefore, overrule Thiry's objection, as the record does not reflect serious procedural irregularities.

### B. *Corker*

Thiry next asserts the Magistrate Judge misapplied *Corker* when it relied on a report written by Dr. Alfred Becker. The Magistrate Judge cited *Corker*[2] for the proposition that "the record supports Dr. Becker's conclusions regarding Ms. Thiry's physical limitations, validating United's decision to rely upon his opinion even to the exclusion of Dr. [Carolyn] Kampa's opinions." (R&R at 12.)

---

[2] Notably, the Magistrate Judge cited *Corker* in a citing parenthetical to *Johnson v. Metropolitan Life Insurance Co.*, 437 F.3d 809 (8th Cir. 2006) for the proposition that "[w]hen there is a conflict of opinion between a claimant's treating physicians and the plan administrator's reviewing physicians, the plan administrator has discretion to deny benefits unless the record does not support denial." (R&R at 12 (quoting *Johnson*, 437 F.3d at 814).)

In *Corker*, the claimant argued a plan administrator's "denial of benefits [was] not based on substantial evidence" because the plan administrator "utilize[ed] reviewing physicians who employed medical records rather than a physical examination to determine that [the claimant] was ineligible for long-term disability benefits." 281 F.3d at 799. The Eighth Circuit disagreed, holding that

> [w]here there is a conflict of opinion between a claimant's treating physicians and the plan administrator's reviewing physicians, the plan administrator has **discretion** to find that the employee is not disabled unless "the administrative decision lacks support in the record, or . . . the evidence in support of the decision does not ring true and is . . . overwhelmed by contrary evidence."

*Id.* (emphasis added) (alteration in original) (quoting *Donaho v. FMC Corp.*, 74 F.3d 894, 901 (8th Cir. 1995)). The Eighth Circuit reasoned that because the claimant "provided only subjective medical opinions, which [were] unsupported by objective medical evidence, such as the results of diagnostic tests," the plan administrator's decision to deny benefits was not unreasonable. *Id.*

Here, the Magistrate Judge correctly found the evidence Thiry presented – while compelling – did not "overwhelm" the record such that United did not have discretion to determine Thiry was not disabled. (*See* R&R at 10-11.) Like in *Corker*, Thiry provided subjective evidence of disability, (Admin. R. at 2502-18, 2554-69), but did not provide any diagnostic tests substantiating the extent of Thiry's disability, (*see, e.g.*, *id.* at 1335-37, 1510). Therefore, United had the discretion to rely on Dr. Becker's report and the Magistrate Judge did not err in its application of *Corker*. The Court will overrule Thiry's objection.

### C. "Objective" Tests

Thiry also objects to the Magistrate Judge's reliance on "objective" tests because there is no objective measurement for limitations based on fibromyalgia. But a plan administrator's denial of long-term disability benefits is based on substantial evidence where the claimant has diagnosed fibromyalgia, but fails to set forth "objective medical evidence to support the [alleged] limitations" caused by the disease. *Johnson*, 775 F.3d at 989. Thus, the Eighth Circuit has not held fibromyalgia is a condition where "objective evidence simply cannot be obtained, and it would be unreasonable for a[ plan] administrator to demand the impossible." *Pralutsky*, 435 F.3d at 839 ("Given this potential for varying impact of [fibromyalgia] among different patients, [the plan administrator] was requesting objective information to verify that this claimant, whom it acknowledged was afflicted with fibromyalgia, was disabled to the point that she could not perform even sedentary or light-duty work."); *Schultz v. 3M Co.*, No. 15-3062, 2016 WL 3620738, at *4 (D. Minn. June 29, 2016) ("[T]o the extent that Schultz argues that a diagnosis of fibromyalgia, in particular, is not amenable to objective medical evidence, . . . . [the diagnosis of] 'fibromyalgia may not lend [itself] to objective clinical findings, [but] the physical limitations imposed by the symptoms . . . do lend themselves to objective analysis.'" (quoting *Boardman v. Prudential Ins. Co.*, 337 F.3d 9, 17 (1st Cir. 2003))).

The Court will overrule Thiry's objection to the Magistrate Judge's reliance on the absence of objective tests.

### D. Treating Physicians

Thiry next argues the Magistrate Judge improperly characterized Thiry's arguments to the Court. Thiry asserts she never argued her treating physician was entitled to special weight. The Magistrate Judge did not characterize Thiry's argument in this way. (*See* R&R at 13.) Further, as set forth above, the record shows United considered the opinions of Thiry's treating physicians when it denied her claim for long-term disability benefits. (*See* Admin. R. at 1260-61, 1326-37, 1502-12.) The Court will overrule Thiry's objection.

### E. *Pralutsky*

Finally, Thiry objects to the Magistrate Judge's application of *Pralutsky* to this case. In particular, Thiry argues that under *Pralutsky*, contrary to the Magistrate Judge's recommendation, Thiry did provide objective clinical evidence in the form of documents filled out by treating physicians and her husband's statement.

First, reviewing the Magistrate Judge's thorough analysis of *Pralutsky*, the Court finds the Magistrate Judge properly applied *Pralutsky* to this case. (*See* R&R at 5-7.)

Second, it may be arguable whether the forms filled out by Thiry's treating physicians are objective evidence. *See Pralutsky*, 435 F.3d at 840-41 (describing objective evidence as including "clinical notes or answer[s to] specific questions about [the doctor's] assessment of [the claimant's] prognosis and current functional abilities"); (R&R at 12 (finding the questionnaires "consist[] of . . . Thiry's own statements and Dr. Kampa's marking of a box indicating that each statement is 'consistent with her medical

conditon'"). But, as pointed out by the Magistrate Judge, the forms do not change the outcome of this case. As set forth above, "[w]here there is a conflict of opinion between a claimant's treating physicians and the plan administrator's reviewing physicians, the plan administrator has **discretion** to find that the employee is not disabled unless . . . [there is] 'overwhelm[ing] . . . contrary evidence.'" *Corker*, 281 F.3d at 799 (emphasis added) (quoting *Donaho*, 74 F.3d at 901). Here, there is no evidence United abused its discretion in finding Thiry did not satisfy the LTD Policy's definition of disabled. The Court will, therefore, overrule Thiry's objection.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff Marianne Thiry's Objections [Docket No. 45] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated May 30, 2017 [Docket No. 43]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Marianne Thiry's Motion for Summary Judgment [Docket No. 32] is **DENIED**.

2. Defendants United of Omaha Life Insurance Company and Meridian Behavioral Health, LLC Long-Term Disability Plan's Motion for Summary Judgment [Docket No. 29] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 19, 2017      _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                      Chief Judge
                                        United States District Court